UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-24 |
| | ) | |
| | ) | |
| CAMERON GREULICH, | ) | |
| Petitioner. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc. 33]. Defendant requests a reduction in sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 34]. The motion will be GRANTED in part.

**I. Factual and Procedural Background**

The defendant was convicted of Count 3, possessing with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and Count 4, possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He was held accountable for 438 kilograms of marijuana, resulting in a base offense level of 8. The base offense level was decreased by two levels pursuant to USSG § 3E1.1 (acceptance of responsibility), resulting in a total offense level of 6. The defendant's criminal history category was III, which resulted in a range of 2 to 8 months. The firearms charge required a consecutive sentence of no less than 60 months. The effective guidelines range was 62 to 68 months. The Court sentenced the defendant

1

to five months for Count 3 and 60 months for Count 4 to run consecutively for a net effective sentence of 65 months.

At the time of the entry of his guilty plea, the defendant stipulated to the following facts:

> a) Through the testimony of several witnesses, including co-conspirators, the United States would demonstrate, beyond a reasonable doubt, that on August 14, 2012 in the Eastern District of Tennessee, the defendant did knowingly, intentionally, and without authority, possess with the intent to distribute marijuana, a Schedule I controlled substance and that he possessed one or more firearms in furtherance of this drug trafficking crime.
>
> b) The defendant admits that on August 14, 2012 he was found by law enforcement slumped over the steering wheel of vehicle stopped at an intersection in Greeneville, Tennessee. Further, the defendant admits that he was under the influence of drugs and alcohol and that he was the sole human occupant in the vehicle.
>
> c) The defendant admits that law enforcement found several items related to drug trafficking inside the vehicle. These items included marijuana, prescription pills, and approximately $2, 100 in United States currency that were found on the defendant. Additionally, two vacuum sealed plastic bags containing marijuana, a vacuum sealer, a scale, an additional $110 in United States currency, and two firearms were found in the vehicle. The defendant admits that the total weight of the marijuana was approximately 438 grams and that he planned on selling this marijuana to others.
>
> d) The defendant admits that he purchased the two firearms found during the search of the vehicle from one of his sources that supplied him with marijuana. The defendant admits that he paid this drug dealer $400 for the Smith and Wesson, model 645, .45 caliber pistol and $100 for the Taurus, model 85, .38 caliber revolver. The defendant also admits that the firearms were loaded and that he possessed these firearms in furtherance of his drug trafficking crime, that is, to protect himself, his marijuana, and his proceeds from the sale of marijuana. The defendant also admits that he has been previously instructed by a Court that he could not possess a firearm because of his convictions for distributing marijuana.

[Doc. 15].

**II. Standard of Review**

2

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, Cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If she is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is

permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, Cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, Cmt. n. 1(B)(ii)).

The relevant factors here demonstrate that a reduction is appropriate but that the reduction should be less than that requested by defendant. First is the seriousness of defendant's criminal conduct. The defendant asks that he receive 0 months for the marijuana charge in Count 3, for the new range on this count is 0 to 6 months. Under the circumstances in this case, including the quantity of drugs, the Court determines a 0-month sentence is not appropriate. This Court saw fit, for a number of factors, to sentence the defendant to the middle of the original guideline range, and this Court again deems that appropriate; otherwise, defendant would escape punishment altogether for the drug offense. In addition, the defendant's criminal history is also an important consideration.

Protection of the public and necessary general deterrence are also significant factors which weigh against a reduction here. The Court will, however, in the exercise of its discretion, in light of the defendant's minor disciplinary history during his incarceration and his post-sentencing efforts at rehabilitation, including numerous classes, grant some additional reduction in the case. Therefore, the defendant's motion is GRANTED, and his sentence will be reduced to a term of 63 months of imprisonment.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE