UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:13-CR-24-JRG-CRW-1 |
| | ) |
| CAMERON GREULICH | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Cameron Greulich's Motion to Reduce Sentence under Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*. [Doc. 86]. The Federal Defender Services of Eastern Tennessee has filed a Notice of No Intention to File a Supplemental Moton [Doc. 88]. The United States filed a Response in Opposition [Doc. 89]. For the reasons herein, the Court will deny Mr. Greulich's motion.

### I. BACKGROUND

In 2013, Mr. Greulich pled guilty to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Plea Agreement, Doc. 15, at 1]. At sentencing, Mr. Greulich received 4 criminal history points and a total offense level of 6, resulting in a sentencing guidelines range of 2-8 months' imprisonment [Presentence Investigation Report at 13]. However, he was subject to a mandatory minimum sentence of 60 months, so his net effective guidelines range is 62-68 months [*Id.*]. Greulich was sentenced to 65 months imprisonment, and 3 years supervised release [Judgment, Doc. 28, at 2-3].

Mr. Greulich served this sentence, and his supervised release commenced on January 30, 2018 [Amended Petition and Order, Doc. 46, at 1]. His supervised release was revoked on January 16, 2020, due to a violation of release conditions [Revocation Judgment, Doc. 48]. As a result, he was sentenced to 8 months' imprisonment, followed by a 2-year term of supervised release [*Id.* at 3]. His supervised release was again revoked on May 4, 2021, due to a second violation of release conditions [Agreed Order of Revocation, Doc. 60]. For this violation, Mr. Greulich was sentenced to time served and 13 months supervised release [*Id.* at 3]. Subsequently, his supervised release was revoked once more on April 5, 2023, due to a third violation of release conditions [Revocation Judgment, Doc. 83]. He was sentenced to 24 months' imprisonment for this violation and is currently serving this sentence [*Id.* at 3].

Mr. Greulich now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is prepared to rule on Mr. Greulich's motion.

## II.   LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)).

First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));[1] *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[2] In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy

---

[1] This is so because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

[2] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

3

statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) lowers the defendant's guidelines range. *Id.* § 1B1.10(a)(2)(A)–(B).

Lastly, the Court must consider any applicable factors under 18 U.S.C. § 3553(a), as well as public-safety factors, when determining—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual § 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (providing that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

Ordinarily, courts may reduce a term of imprisonment based on a guidelines range that has since been amended. However, the Sentencing Commission has determined that "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under [USSG §1B1.10]. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S. SENT'G GUIDELINES MANUAL § 2D1.1(c) (U.S. SENT'G COMM'N 2024).

Mr. Greulich is currently serving a sentence for a violation of supervised release [Revocation Judgment, Doc. 83]. Because Mr. Greulich's revocation sentence is not a term of imprisonment imposed as part of his original sentence, and the Sentencing Commission specifically prohibits a reduction in the term of imprisonment imposed upon revocation of supervised release, this Court has no ground on which to reduce Mr. Greulich's sentence.

### IV. CONCLUSION

Mr. Greulich fails to show that he is entitled to a sentence reduction under § 3582(c)(2) or Amendment 821, and his motion is therefore **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE